**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PATRICE PHILIPPE, et al.,

    Plaintiffs,

vs.                                            Case No. 3:10-cv-467-J-32JBT

U.S. BANK, N.A., et al.,

    Defendants.

## ORDER

This case is before the Court on Plaintiffs' Motion for Temporary Restraining Order (Doc. 4). Defendants Law Offices of David J. Stern, P.A., Michelle K. Mason, and David J. Stern (collectively, the "David Stern Defendants") and defendants U.S. Bank, N.A. and Wells Fargo Home Mortgage, Inc. d/b/a America's Servicing Company ("U.S. Bank/Wells Fargo") have filed respective responses in opposition to Plaintiffs' motion (Docs. 8, 15), and respective motions to dismiss the complaint (Docs. 7, 12). Plaintiffs have responded to the David Stern Defendants' response in opposition and to both motions to dismiss. (Docs. 10, 11, 17).[1]

The Court has twice asked Plaintiffs to provide the current status of the state foreclosure action which forms the basis of their request for an injunction. (Docs. 5, 16). On both occasions, Plaintiffs failed to explain why emergency injunctive relief is necessary, and under what authority this Court would intervene in a state foreclosure proceeding. (Docs.

---

[1] Two of Plaintiffs' responses, Docs. 10 and 11, were filed in the form of motions to strike. As the Court finds no basis to strike the respective pleadings at issue, those motions will be denied, and the documents will be construed as responses.

6, 18). Based on the complaint, Plaintiffs' motion for temporary restraining order, and Plaintiffs' responses to the Court's inquiries, the Court finds that injunctive relief is inappropriate at this time. Plaintiffs' request for a temporary restraining order will therefore be denied.

As for the complaint itself, Plaintiffs' allegations fail to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. The allegations do not contain a short concise statement of claims, fail to support responsibility on the part of any of the individually named Defendants, and, as noted above, fail to support this Court's jurisdiction. In an abundance of caution, rather than dismiss the complaint outright, Plaintiffs will be afforded the opportunity to file an amended complaint. The amended complaint shall be separated into counts and Plaintiffs must limit their allegations in each count to allegations related to the same basic incident or issue. Moreover, each count shall include a short and plain statement of Plaintiffs' claim, shall clearly indicate the defendant or defendants against whom each claim is asserted, shall include a brief description of the event or events upon which each claim is based (giving dates and times of each important event as precisely as possible), as well as a brief description of what each Defendant did or failed to do, and how each Defendant's act or omission injured Plaintiffs. Any claim based on the violation of a statute shall specify the requirements and statutory subsections allegedly violated.

The Court will caution Plaintiffs that to the extent they seek this Court to review or to alter the judgment of foreclosure by the state court, this Court cannot do so. Federal district courts lack subject matter jurisdiction over actions seeking to appeal and reverse a state court decision. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462,

482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). Under the Rooker-Feldman doctrine, "[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." Harper v. Chase Manhattan Bank, 138 Fed.App'x. 130, 132 (11th Cir. 2005) (quoting Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997)).

Accordingly, it is hereby

**ORDERED**:

1. Plaintiffs' Motion for Temporary Restraining Order (Doc. 4) is **DENIED**.

2. Plaintiffs' Motions to Strike (Docs. 10, 11) are **DENIED**.

3. Defendants' Motions to Dismiss (Docs. 7, 12) are **GRANTED** to the extent that the Complaint is **DISMISSED WITHOUT PREJUDICE.** Plaintiffs shall file their amended complaint **no later than December 17, 2010.**

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of November, 2010.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jmm.

Copies:
counsel of record